IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse Lee Childs, #321188 ) | 2012 JAN 17 P 5: 11 |
| ) | |
| Petitioner, ) | Civil Action No.: 1:11-873-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Wayne C. McCabe, ) | |
| ) | |
| Respondent. ) | |

In this case, Petitioner filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On August 10, 2011, Respondent filed a motion for summary judgment, arguing that he was entitled to summary judgment because, *inter alia*, the statute of limitations barred Plaintiff's claims. (Dkt. Nos. 22-23). On the same day, the Magistrate issued a *Roseboro* Order instructing Petitioner that September 15, 2011 was the deadline to respond to Respondent's motion for summary judgment, and instructing Petitioner that the Court may grant Respondent's motion for summary judgment if Petitioner did not respond by that deadline. (Dkt. No. 24).

Notwithstanding these instructions, Petitioner did not file a response to Respondent's motion by the September 15, 2011 deadline. On September 16, 2011, the Magistrate issued an Order asking Petitioner to advise the Court whether he wished to continue with the case, and instructing Petitioner that the Magistrate would recommend that the case be dismissed for failure to prosecute if Petitioner did not file a response by September 30, 2011. (Dkt. No. 27). Petitioner subsequently requested and received multiple extensions of time to file a response to

1

Respondent's motion for summary judgment. (*See* Dkt. Nos. 30, 31, 34, 35, 44, 48). In response to Petitioner's most recent request for an extension, the Magistrate granted the extension and gave Petitioner until December 9, 2011 to file a response to the motion for summary judgment, but the Magistrate instructed Petitioner that no further extensions would be granted absent exceptional circumstances. (Dkt. No. 48). Despite this instruction, Petitioner failed to ever file a response to Respondent's motion for summary judgment.

On December 19, 2011, the Magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that Petitioner's Petition be dismissed with prejudice. (Dkt. No. 51). The Magistrate instructed Petitioner of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (Dkt. No. 51-1). Petitioner did not file a response to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses Petitioner's Petition with prejudice.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's

conclusions are reviewed only for clear error, see *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. As the Magistrate Judge thoroughly explained in her Report and Recommendation, Petitioner's claims are barred by the statute of limitations because Petitioner did not file his federal habeas petition until 171 days after the expiration of § 2244(d)(1)'s one year statute of limitations. Petitioner has never responded to Respondent's motion for summary judgment, and Petitioner therefore has not demonstrated that he is entitled to equitable tolling.

## Conclusion

Accordingly, Respondents Motion for Summary Judgment is **granted** and Petitioner's Petition for Writ of Habeas Corpus is **dismissed with prejudice.**

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

January 17, 2012
Charleston, South Carolina